```
                    IN THE UNITED STATES DISTRICT COURT

                          FOR THE DISTRICT OF OREGON

                              PENDLETON DIVISION



STATE FARM MUTUAL AUTOMOBILE
INSURANCE CO., an Illinois
corporation,                                           CV-09-1325-SU

                Plaintiff,                             FINDINGS AND
                                                       RECOMMENDATION
        v.

UNITED STATES POSTAL SERVICE,

                Defendant.
```

## FINDINGS AND RECOMMENDATION

SULLIVAN, Magistrate Judge:

    This action arises from an automobile accident that occurred in November 2007, involving Joseph C. Tucker and Elma R. Tucker (collectively, "Tuckers") and Gayle Bonner ("Bonner"). At the time of the collision, Mr. Tucker was operating a vehicle in which Mrs. Tucker was a passenger, and Bonner was driving a

1 - FINDINGS AND RECOMMENDATION

postal vehicle in the course and scope of her employment for the United States Postal Service ("USPS").  As a consequence of the collision, Mrs. Tucker sustained injuries to, among other things, her right hip, neck, and back.

State Farm Mutual Automobile Insurance Co. ("State Farm"), brought this suit as Tuckers's subrogee under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346, §§ 2671-2680, against USPS and Bonner alleging that Bonner's negligence caused the collision resulting in Mrs. Tucker's injuries.[1]  State Farm seeks judgment totaling $3,117.40 for payments it made to Tuckers for personal injury protection ("PIP") benefits and uninsured motorist benefits, and attorney fees.

USPS moved to dismiss for lack of subject matter jurisdiction, and, alternatively, for summary judgment.  For the reasons set forth below, the USPS's motion to dismiss should be granted.

## BACKGROUND

The facts are not in dispute.  The accident between Tuckers and Bonner occurred on or about November 9, 2007, in the State of Oregon.  Compl. § 3.  At all relevant times, Tuckers were insured by a State Farm automobile insurance policy.  State Farm provided PIP benefits in the amount of $2,937.40 for injuries suffered by Mrs. Tucker.  Compl. § 6.  State Farm also paid

---

[1] Bonner has been voluntarily dismissed from the suit.

2 - FINDINGS AND RECOMMENDATION

uninsured motorist benefits to Tuckers in the amount of $180.00. Compl. § 7.[2]

On or about March 11, 2008, State Farm submitted a claim to USPS for property damage[3] as a result of a payment to Tuckers. Declaration of Eric D. Virshbo ("Vershbo Decl.") Ex. 1, p. 1-2. In a telephone conversation which took place on April 29, 2008, a verbal offer of $4,892 was made by a USPS claims representative to an employee of State Farm. The conversation between these two individuals did not include any specific reference to PIP benefits for State Farm's insured for medical costs. Id.

On May 5, 2008, the USPS issued State Farm a $4,892 check as reimbursement for Tuckers's property damage claim. Id. at 1. The check was accompanied by a letter, which provided, in relevant part:

---

[2] It is not clear from the record what the $180.00 payment was for nor is USPS an uninsured vehicle under ORS 742.504(2)(L). The record reflects that State Farm did not submit a claim to USPS for the $180.00, Vershbo Decl., Ex. 1-2, nor does State Farm include any argument or authority in its briefing regarding this claim.

[3] While the evidence regarding this payment is not conclusive, the parties concede that the payment was for property damage. *See* Pl.'s Resp. to Def.'s Mot. to Dismiss ("Resp."), p. 7; Def.'s Reply Mem. in Supp. of Mot. to Dismiss ("Reply"), p. 2.

3 - FINDINGS AND RECOMMENDATION

> Pursuant to 28 U.S.C. § 2672 and 39 C.F.R. § 912.14, acceptance of this check operates as a complete release and bars recovery of any additional or future claims against the United States, the U.S. Postal Service or against any employee whose act or omission gave rise to the claim by reason of the same subject matter.[4]

Id.

On May 19, 2008, State Farm responded to the USPS May 5, 2008, letter and stated in relevant part:

> We have received payment from you in the amount of $4892.00. The release language accompanying the payment seems to imply that an accord and satisfaction has been reached with State Farm Mutual Automobile Insurance Company and that acceptance of this payment will bar any additional subrogation claims that may be presented. State Farm Mutual Automobile Insurance Company denies that an accord and satisfaction has been reached and sets forth the following condition(s) with respect to the payment received:
>
> Please be advised that State Farm Mutual Automobile Insurance Company has an outstanding claim for PIP and will be seeking additional subrogation recoveries from you. The release language on the draft does not bar our subrogation rights for this outstanding claim.
>
> If you are not in agreement with the above conditions, please place a checkmark by the statement immediately below this paragraph and return this letter to us within 30 days of the date of this letter:
> _____ I do not agree to conditions outlined above. . . .

---

[4] The FTCA, 28 U.S.C. § 2672, provides, in relevant part: "The acceptance by the claimant of any such award, compromise, or settlement shall be final and conclusive . . . and shall constitute a complete release of any claim against the United States . . . ."  Similarly, 39 C.F.R. § 912.14 states, in pertinent part: "Payment by the Postal Service of the full amount claimed or acceptance by the claimant . . . of any award, compromise, or settlement made pursuant to the provisions of the Federal Tort Claims Act, shall be final and conclusive . . . and shall constitute a complete release of any claim against the United States . . . ."

4 - FINDINGS AND RECOMMENDATION

>    If we do not hear from you within 30 days, we will assume
>    that you are in agreement with the terms outlined above.

Virshbo Decl., Ex. 2, p. 1-2.

The USPS did not respond to State Farm's May 19, 2008, letter.  On July 7, 2008, USPS sent a check in the amount of $6,000 to Tuckers for damages, which Tuckers accepted.  Decl. of Conny Beatty ("Beatty Decl."), Ex. A, p. 1.  The check sent to Tuckers was accompanied by a letter, which stated in relevant part:

>    [A] check in the amount of $6,000.00 [is] made payable to
>    you in full and final settlement of the claim filed on
>    your behalf.  Pursuant to 28 U.S.C. § 2672 and 39 C.F.R.
>    § 912.14, acceptance of this check operates as a complete
>    release and bars recovery of any additional or future
>    claims against the United States, the U.S. Postal
>    Service, or any employee whose act or omission gave rise
>    to the claim by reason of the same subject matter.  Any
>    subrogation claims, liens, or any outstanding
>    indebtedness resulting from this incident, must be
>    satisfied from the proceeds of this check.

Id.

On July 17, 2008, the check issued to State Farm in the amount of $4,892 cleared the bank.  Virshbo Decl. Ex. 1, p. 1.

On August 4, 2009, State Farm's attorney informed USPS that it was pursuing a supplemental claim for PIP payments made by State Farm to Tuckers.  Id.

On August 14, 2009, the USPS sent a letter to State Farm stating, among other things, that State Farm's claim was denied.  Id. at 2.  It also provided that "[i]n accordance with 28 U.S.C. § 2401(b) and 39 C.F.R. 912.9(a), if dissatisfied with the Postal

5 - FINDINGS AND RECOMMENDATION

Service's final denial of an administrative claim, a claimant may file suit in the United States District Court . . . ."[5]  Id.

Pursuant to the terms of the insurance policy with Tuckers, State Farm paid PIP benefits to Tuckers totaling $2,937.40 and uninsured motorist benefits totaling $180.[6]  There is no dispute that State Farm submitted its claim for reimbursement of the PIP benefits paid to Tuckers to USPS.  After denial of the claim by USPS, State Farm timely brought this action.

## LEGAL STANDARD

### I. Motion to Dismiss

The federal district courts are courts of limited jurisdiction.  *See, e.g., Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 552 (2005).  The burden of establishing jurisdiction rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted); *see, e.g., Vacek v. U.S. Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006) (citation omitted).

---

[5] 28 U.S.C.A. § 2401(b) states, "A tort claim against the United States shall be forever barred unless it is presented . . . to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing . . . of notice of final denial of the claim . . . ."  Similarly, 39 C.F.R. § 912.9(a) provides that "if the claimant is dissatisfied with the agency action, he may file suit in an appropriate U.S. District Court not later than 6 months after the date of mailing of the notation."

[6] It is not clear from the record when State Farm made this payment to Tuckers.

The court will grant defendant's Fed. R. Civ. P. 12(b)(1) motion to dismiss if the complaint fails to allege facts sufficient to establish subject matter jurisdiction.  *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).  Alternatively, a defendant may seek dismissal under Fed. R. Civ. P. 12(b)(1) by presenting evidence to refute the jurisdictional facts alleged in the complaint.  *Savage*, 343 F.3d at 1039 n.2.  Once the defendant has introduced such evidence, the plaintiff "must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction."  *Id.*

II. **Motion for Summary Judgment**

Fed. R. Civ. P. 56(c) authorizes summary judgment if "no genuine issue" exists regarding any material fact and "the moving party is entitled to a judgment as a matter of law."  The moving party must show an absence of an issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The substantive law governing a claim or defense determines whether a fact is material.  *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).  The court must view the inferences drawn from the facts "in the light most favorable to the nonmoving party."  *Id.*  (Citation omitted).

## DISCUSSION

7 - FINDINGS AND RECOMMENDATION

## I. Motion to Dismiss under Fed. R. Civ. P.12(b)(1): Lack of Subject Matter Jurisdiction

The USPS contends that this court lacks subject matter jurisdiction because State Farm fails to assert a ground for the court's jurisdiction and fails to identify the statutory authority for waiver of sovereign immunity by USPS. While the court agrees that State Farm has not specifically alleged jurisdiction with reference to any appropriate statutes conferring jurisdiction, State Farms has alleged sufficient facts which allow the court to address the jurisdictional issue under the FTCA, i.e. a claim for damages as a result of a tort committed by a government employee acting within the scope of her employment with USPS.[7]

Sovereign immunity limits a federal court's subject matter jurisdiction over actions brought against the United States. *Vacek*, 447 F.3d at 1250. The United States is immune from suit unless it has expressly waived such immunity and consented to be sued. *Dunn & Black*, 492 F.3d 1084, 1087-88 (9th Cir. 2007) (citation omitted).

---

[7] Here State Farm has brought suit against the USPS, an agency of the United States government. There is some question whether USPS is the proper party as in an action brought under the FTCA, the United States, not the USPS, is the only proper defendant. *See Cont'l Ins. Co. of N.J. v. U.S. and U.S. Postal Serv.*, 335 F. Supp. 2d 532, 535 (D. N.J. 2004) and citations therein. *But see Dolan v. U.S. Postal Serv.*, 546 U.S. 481 (2006).

The FTCA waives sovereign immunity in certain cases involving negligence committed by federal employees in the course of their employment.[8]  *See, e.g.*, *Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 482 (2006).  28 U.S.C. § 1346(b)(1) provides in pertinent part:

> [D]istrict courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.[9]

The court must treat USPS, then, as it would a private person in a similar situation and apply state law to determine amenability to suit and substantive liability.  *LaBarge v. Mariposa Cnty.*, 798 F.2d 364, 366 (9th Cir. 1986).  Here, the parties agree that Oregon law applies with respect to the determination of USPS's liability.[10]  In fact, liability for the injury is not an issue here.

State Farm has framed its complaint as subrogee of Tuckers and has alleged that the negligent act of Bonner, while in the

---

[8] Here, the USPS concedes that Bonner was acting within the scope of her employment at the time of the accident.

[9] 28 U.S.C. § 2674 has a similar provision.

[10] As previously stated, there is no dispute that a claim was timely filed and denied.  *See* 28 U.S.C. § 2675(a).

9 - FINDINGS AND RECOMMENDATION

course and scope of public employment, was the proximate cause of the collision resulting in property damages and personal injuries to Mrs. Tucker. State Farm has also alleged that it is subrogated to all rights of its insured as a result of payments made to Tuckers pursuant to PIP and uninsured motorist coverage in State Farm's insurance policy. The issue here is not whether State Farm, as subrogee of Tuckers, can recover for the negligence of USPS; rather, the issue is whether State Farm has alleged a claim under the FTCA for recovery of PIP benefits from USPS in accordance with Oregon law.

In order for the court to have subject matter jurisdiction under the FTCA, the USPS must be analogized to an insured tortfeasor governed by the laws of Oregon.[11]  *See Cont'l Ins. Co. v. U.S.*, 335 F. Supp. 2d at 542. Accordingly, we must examine ORS 742.518 to 742.544 which govern PIP coverage, including an insurer's recovery of amounts paid to its insured as PIP benefits. *Mid-Century Ins. Co. v. Turner*, 219 Or. App. 44, 49, 182 P.3d 855(2008). Specifically, State Farm relies on ORS 742.538 to support its claim for reimbursement of PIP benefits paid to Tuckers. Accordingly, it is necessary to examine ORS 742.538 and the right, if any, that State Farm has to recover PIP benefits from USPS.

---

[11] Oregon law provides that the United States is considered an insured for purposes of motor vehicle insurance laws. ORS 742.504(2)(L).

ORS 742.538 is part of a statutory scheme designed by the Oregon legislature to ensure that a person injured in a motor vehicle accident receives prompt payment of benefits for economic damages that she has suffered. In order to encourage PIP providers to make timely payments, the legislature established several mechanisms by which those providers can be reimbursed for PIP benefits they have paid. *Wynia v. Fick*, 162 Or. App. 365, 369, 986 P.2d 625 (1999); *see also Mid-Century Ins. Co. v. Turner*, 219 Or. App. at 49-52.

Oregon law provides three alternative methods by which an insurer can recoup amounts paid as PIP benefits. An insurer may seek direct reimbursement or interinsurer reimbursement from a tortfeasor's liability insurer under ORS 742.534. A PIP insurer may also obtain a lien against the injured party's recovery against the tortfeasor under ORS 742.536. Under ORS 742.538, where the interinsurer reimbursement option and the lien option are not available,[12] the PIP insurer may exercise a right of subrogation to any proceeds its insured receives from settlement with the tortfeasor or obtains from any judgment against a tortfeasor. *Id*. at 49-53. *See also Cavanaugh ex. rel. Cavanaugh*

---

[12] State Farm does not argue nor does the court find that either of these options is actually available to State Farm to recover PIP benefits from USPS. While the USPS vehicle may be defined as an "insured" vehicle, the United States is not an insurance company for purposes of ORS 742.534. *See Mid Century Auto v. U.S. Postal Serv.*, Civ. A. No. 90-F-1032, 1991 WL 639415, at *2 (D. Colo. July 3, 1991) (unreported). Additionally, State Farm did not opt to file a lien against any recovery by Tuckers in accordance with ORS 742.536.

11 - FINDINGS AND RECOMMENDATION

*v. Providence Health Plan*, 699 F. Supp. 2d 1209, 1216, 1222 (D. Or. 2010) (citing *Mid-Century Ins. Co. v. Turner*, 219 Or. App. at 61).

ORS 742.538 provides, in pertinent part:

"If a motor vehicle liability insurer has furnished [PIP] benefits,... for a person injured in a motor vehicle accident, and the interinsurer insurance benefit...is not available..., and the insurer has not elected recovery by lien..., and is entitled by the terms of its policy to the benefit of this section:

(1) The insurer is entitled to the proceeds of any settlement or judgment that may result from the exercise of any rights of recovery of the injured person against any person legally responsible for the accident, to the extent of such benefits furnished by the insurer less the insurer's share of expenses, costs and attorney fees incurred by the injured person in connection with such recovery.

(2) The injured person shall hold in trust for the benefit of the insurer all such rights of recovery which the person has, but only to the extent of such benefits furnished.

(3) The injured person shall do whatever is proper to secure, and shall do nothing after loss to prejudice, such rights.

(4) If requested in writing by the insurer, the injured person shall take,...such action as may be necessary or

12 - FINDINGS AND RECOMMENDATION

appropriate to recover such benefits furnished as damages from such responsible person, such action to be taken in the name of the injured person, but only to the extent of the benefits furnished by the insurer. In the event of a recovery, the insurer shall also be reimbursed out of such recovery for the injured person's share of expenses, costs and attorney fees incurred by the insurer in connection with the recovery.

    (5) ....

    (6) The injured person shall execute and deliver to the insurer such instruments and papers as may be appropriate to secure the rights and obligations of the insurer and the injured person as established by this section.

    (7) Any provision in a motor vehicle liability insurance policy...giving rights to the insurer relating to subrogation or the subject matter of this section shall be construed and applied in accordance with the provisions of this section."

    The Oregon PIP statutes, including ORS 742.538, are designed to "assign the priority of claims to PIP benefits to favor remunerating the insured to the amount of her economic damages, rather than to assist PIP insurers in their own reimbursement." *Gaucin v. Farmers Ins. Co. of Or.*, 209 Or. App. 99, 108, 146 P.3d 370, 375 (2006)(discussing legislative history regarding PIP benefits).

Under ORS 742.538(1) subrogation rights, a PIP provider may recover PIP benefits from the proceeds of any judgment or settlement that may result from the injured person's exercise of any rights to recover against any person legally responsible for the accident, less the insurer's share of expenses, costs or attorney fees incurred by insured. The exercise of these rights is subject to conditions the insurer must meet in order to exercise its rights. *Cavanaugh ex. rel. Cavanaugh v. Providence Health Plan*, 699 F. Supp. 2d at 1216, 1222 (citing *Mid-Century Ins. Co. v. Turner*, 219 Or. App. at 61). Under ORS 742.538(4), a PIP provider can require the insured to bring an action against the responsible part to recover PIP benefits. The action would be brought in the name of the insured. *Wynia v. Fick*, 162 Or. App. at 371. Thus, if the terms of insured's policy so provides, the insurer is subrogated to the rights of the insured to any payment made to the insured, and may require, in writing to the insured, that the insured file a law suit to recover such payments. There is nothing in ORS 742.538 which authorizes an insurer, in its own name, to file a lawsuit against the tortfeasor.

Other than State Farm's allegations regarding insurance coverage in the complaint, the record does not include the insurance policy provided to Tuckers. Nor is there any evidence that State Farm has complied with the requirements of the PIP

14 - FINDINGS AND RECOMMENDATION

statute nor requested that insured file suit against the tortfeasor. State Farm's ability to enforce Tuckers' rights against the tortfeasor USPS is protected by the statute but only to the extent that the insured could pursue the underlying claim, subject to the defenses against the insured. *Mid-Century Ins. Co. v. Turner*, 219 Or. App. at 58. The statutory scheme anticipates that State Farm would utilize the means set forth in ORS 742.538 to obligate Tuckers to protect the insurer's interests in obtaining the PIP reimbursement. *Id*. at 59. Here there is no evidence that State Farm has availed itself of the rights provided by the statute. It is not entitled to seek recovery under the Oregon PIP statute directly against the tortfeasor who in this case is USPS.

Other federal districts that have faced the issue whether a PIP insurer can recover against the United States have concluded that the court has no jurisdiction to hear such cases. *See Young v. United States*, 71 F.3d 1238, 1243-44 (6th Cir. 1995) (United States immune from subrogation claim by injured party's insurer under Kentucky Motor Vehicle Reparations Act); *see also Lafferty v. United States*, 880 F. Supp. 1121, 1138 (E.D. Ky. 1995); *Cont'l Ins. Co. of N.J. v. United States*, 335 F. Supp. 2d at 543 (FTCA did not confer jurisdiction for United States to be sued as insurer of Postal Service vehicle under New Jersey law); *U.S. Fid. & Guar. Co. v. United States*, 728 F. Supp. 651, 656 (D. Utah

15 - FINDINGS AND RECOMMENDATION

1989) (FTCA does not waive sovereign immunity to allow recovery against United States, tortfeasor's employer, under Utah no-fault insurance statutes). *But see Nationwide Mut. Ins. Co. v. United States*, 3 F.3d 1392, 1398 (10th Cir. 1993) (where United States has satisfied objectives of Colorado PIP statutory scheme, it is to be considered in "like circumstances" under FTCA). Each state has its own statutory scheme under which a claim under the FTCA must be analyzed.

Because State Farm would not be entitled to file a suit against the tortfeasor under Oregon law, it cannot file this suit against USPS under the FTCA. The court lacks subject matter jurisdiction and defendants Fed. R. Civ. P. 12(b)(1) motion should be granted.

## II. **Motion for Summary Judgment: Settlement and Release**

Alternatively, USPS moves for summary judgment based upon the release executed by Tuckers in favor of USPS. Because I find that this court lacks subject matter jurisdiction to decide this case, I need not address defendant's motion for summary judgment.

## III. **Conclusion**

Defendant's motion to dismiss for lack of subject matter jurisdiction (Docket # 15) should be GRANTED.

## **SCHEDULING ORDER**

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are

16 - FINDINGS AND RECOMMENDATION

due January 10, 2011.  If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.

If objections are filed, a response to the objections is due fourteen days after the date the objections are filed and the review of the Findings and Recommendation will go under advisement on that date.

DATED this 27th day of December, 2010.

/s/ Patricia Sullivan
Patricia Sullivan
United States Magistrate Judge

17 - FINDINGS AND RECOMMENDATION